UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE LEIGHTON,

                    Plaintiff,

                                        Case No.
-v-                                     Hon.

SIEMENS CORPORATION,
SIEMENS INDUSTRY INC.,
and

                    Defendant,
_____/

BOGAS & KONCIUS P.C.
Brian E. Koncius (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000
bkoncius@kbogaslaw.com
office@kbogaslaw.com
_____/

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, KYLE LEIGHTON, by and through his attorneys, BOGAS & KONCIUS, PC, and brings this Complaint as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.    Plaintiff, KYLE LEIGHTON, is a resident of the city of Ann Arbor, State of Michigan.

1

2.     Plaintiff was formerly employed by Defendant Siemens Industry, Inc. in this matter.

3.     Defendant Siemens Corporation is a Foreign Profit Corporation organized under the laws of the State of Delaware.

4.     Defendant Siemens Industry, Inc. is a Foreign Profit Corporation organized under the laws of the State of Delaware, which maintains a place of business and does business in and around the State of Michigan as well as around the world.

5.     The actions complained of herein took place within the State of Michigan.

6.     The amount in controversy exceeds $75,000 exclusive of costs, interest, and attorney fees.

7.     This Court has jurisdiction of all claims pled herein pursuant to 28 U.S.C.A. §1332 as there is diversity of citizenship between the parties (Michigan and Delaware) and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees. This court has jurisdiction pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII), and 28 U.S.C. § 1343(a)(3) and (4) (jurisdiction over civil rights claims).  This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law

2

claims of retaliation in violation of the Elliott-Larsen Civil Rights Act, MCLA 37.2101, *et seq*. (ELCRA)

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and pursuant to the terms of the Settlement Agreement at issue.

## GENERAL ALLEGATIONS

9.      Plaintiff and Defendant entered into a Settlement Agreement ("Agreement") for employment on or around November 28, 2023. (Exhibit 1 – Settlement Agreement)[1]

10.     Defendant Siemens contractually committed to pay Plaintiff a "Settlement Payment" of XXX XXXXXXX XXXXXXXX Dollars and XXX Cents ($XXX,XXX.XX).

11.     Plaintiff provided Defendant with an updated W-4 for withholding purposes since he had not worked for Defendant since 2021. (Exhibit 2 – Leighton IRS Form W-4)

12.     Defendant ignored Plaintiff's W-4 and unilaterally chose withholding amounts without informing or discussing with Plaintiff or his counsel.

---

[1] A redacted version of the contract is attached hereto due to the confidentiality provision contained therein and a full Agreement will be provided upon the entry of a protective order agreeable to this Court and the Parties. Plaintiff's counsel emailed counsel for Defendant informing them of this filing and seeking any input regarding the handling of the Agreement but received no response as of the time of filing this Complaint.

13. After that time, Defendant made payments to Plaintiff that did not match the W-4 provided.

14. Plaintiff received a direct deposit for $XX,XXX.XX. This amount was not reflective of the payment that should have been made if Defendant followed the W-4 provided by Leighton.

15. Defendant paid $XX,XXX.XX to Bogas & Koncius on or about December 12, 2023.

16. Defendant paid $XX,XXX.XX to Plaintiff on or about December 12, 2023.

17. Plaintiff received a 1099 for $XXX.XX from Defendant Siemens Industry Inc. on or about January 30, 2024. (Exhibit 3)

18. Plaintiff received a 1099 for $XX,XXX.XX from Defendant Siemens Industry Inc. on or about February 16, 2024. (Exhibit 4)

19. Plaintiff received a 1099 for $XX,XXX.XX from Defendant Siemens Corporation on or about February 20, 2024. (Exhibit 5)

20. Plaintiff has received **no** IRS form W-2 showing the wages paid to him which were to be in the gross amount of $XX,XXX.XX.

21. Plaintiff has sought to resolve this without the need to file this Complaint but Defendants have refused to assist in providing the correct tax documentation and payments.

4

22.    Plaintiff has been forced to pay significant fees to his tax preparers as a result of Defendants' actions and/or inaction.

23.    Plaintiff has been forced to incur significant legal fees as a result of Defendants' actions and/or inaction.

24.    Plaintiff has filed a complaint with the IRS regarding these inaccurate tax documents provided to him and/or not provided to him.

25.    Plaintiff has expended significant time and money on seeking to fix these issues caused by Defendants.

26.    Plaintiff has filed an EEOC charge of retaliation.  As soon as the 180 days required to allow for the investigation of the charge passes, Plaintiff plans to seek to Amend this Complaint to include the federal retaliation charge that flows from the EEOC filing.

27.    Plaintiff has filed a complaint with the IRS using Form 3949-A for Failure to Withhold Tax, Failure to Pay Tax, and Issuing Tax Returns for payments that were not received regarding the $XX,XXX.XX 1099 issued by Defendant Siemens Corporation

28.    Plaintiff has filed a complaint with the IRS using Form 3949-A for Failure to Withhold Tax, Failure to Pay Tax, and Issuing Tax Returns for payments that were not received regarding the $XX,XXX.XX and $XXX.XX 1099 issued by Defendant Siemens Industry Inc.

5

29.   Defendants have failed to provide and/or file a W-2 regarding the wage payments made to Plaintiff.

30.   Defendants have willfully filed fraudulent 1099 documents with the IRS identifying significantly more money being paid to Plaintiff than was actually paid.

31.   Defendants' actions and/or inactions caused a significant tax penalty and significant expense in seeking to remedy Defendants' failures regarding payments and tax documents.

32.   Following Plaintiff's complaint via the filing of a charge with EEOC and seeking resolution through settlement, Defendant by and through its agents, servants and/or employees, retaliated against Plaintiff, said retaliation being made unlawful by The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII) and the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.* (ELCRA).

33.   Such retaliation includes, but is not limited to:

    a.   Failure to properly pay Plaintiff the settlement amounts;

    b.   Refusal to follow Plaintiff's tax documents, specifically the W-4 provided for payment purposes;

    c.   Providing false and improper tax forms, specifically multiple 1099s;

    d.   Failing to provide tax forms, specifically a W-2;

34.     As a result of Defendant's wrongful conduct, as described herein, Plaintiff has suffered significant tax penalty and significant expense in seeking to remedy Defendants' failures regarding payments and tax documents.

### COUNT I
### BREACH OF CONTRACT
### COUNT I

35.     Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

36.     The Agreement between Defendants and Plaintiff formed a contract.

37.     Plaintiff relied on the terms and conditions of this Agreement, which provided the terms and conditions of resolution of the dispute between the parties and operated as a contract between he and Defendants.

38.     The Agreement created a reasonable expectation of receipt of payment and proper accounting, withholding and/or payment of proper taxes.

39.     Contrary to the Agreement, Plaintiff never received the full payment where Defendants have failed to and refused to properly pay Plaintiff and properly account for the payments made under the Agreement.

40.     Plaintiff has received incorrect 1099 forms from Defendants.

41.     Plaintiff has never received any W-2 form from the Defendants.

42.     Defendants ignored the W-4, filled out in conjunction with his CPA, provided by Plaintiff providing the proper withholding of the payments to be made under the Agreement.

43.     Defendants ignored the information contained in the W-4, including Plaintiff's correct address and sent the money to an old account and an incorrect city, which incurred increased and improper tax deductions to Plaintiff.

44.     Defendants have failed to and refused to pay Plaintiff the money properly, to provide proper withholding, and to provide proper accounting for the monies paid.

**WHEREFORE,** Plaintiff requests that this honorable Court enter judgment in his favor and against Defendant in the amount of his losses and other damages resulting from Defendant's unlawful conduct, including, but not limited to, lost monies and other compensation to which he is entitled, together with an award of costs and attorney fees incurred in this matter, and any other relief, equitable or otherwise, to which Plaintiff is entitled to under the law or additional relief as this Court may deem appropriate.

## COUNT II
## PROMISSORY ESTOPPEL

45.     The allegations set forth in the above paragraphs are incorporated by this reference.

46.     Defendant made actual, clear, and definite promises to pay Plaintiff compensation in the amount of $XXX,XXX.XX.

47.     Defendants reasonably expected to induce action of a definite and substantial character on the part of Plaintiff, to wit:  Defendant expected to induce Plaintiff to sign the Agreement.

48.     Defendants, in fact, induced reliance of that nature on the part of Plaintiff insofar as Plaintiff signed the Agreement.

49.     Defendant breached its promises by refusing and failing to pay Plaintiff the full compensation promised.

50.     Defendant's promises must be enforced if injustice is to be avoided.

**WHEREFORE,** Plaintiff requests that this honorable Court enter judgment in his favor and against Defendant in the amount of his losses and other damages resulting from Defendant's unlawful conduct, including, but not limited to, lost monies and other compensation to which he is entitled, together with an award of costs and attorney fees incurred in this matter, and any other relief, equitable or otherwise, to which Plaintiff is entitled to under the law or additional relief as this Court may deem appropriate.

**COUNT III**
**UNJUST ENRICHMENT**

51.     Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

52.     Defendants have been unjustly enriched by the conduct as described in this Complaint and, upon information and belief, amongst other things, failing to remit money properly due and owing to Plaintiff.

53.     Defendant's actions have caused a financial loss to Plaintiff and have caused him to incur additional expenses.

54.     Defendant's actions are without justification.

55.     Plaintiff has been damaged by Defendants' actions and/or inaction.

56.     Plaintiff is entitled to compensation and/or restitution to be made whole.

57.     Equity and good conscience require Defendants to make compensation and/or restitution to Plaintiff.

**WHEREFORE**, Plaintiff requests that this honorable Court enter judgment in his favor and against Defendant in the amount of his losses and other damages resulting from Defendant's unlawful conduct, including, but not limited to, lost monies and other compensation to which he is entitled, and for the amounts Defendant has been unjustly enriched, together with an award of costs and attorney fees incurred in this matter, and any other relief, equitable or otherwise, to which Plaintiff is entitled to under the law or additional relief as this Court may deem appropriate.

## COUNT III
## VIOLATION OF 26 USC §7434

58.     Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

59.     26 U.S.C. § 7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

60.     As set forth above, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff.

61.     These information returns falsely stated that income was received by Plaintiff that were never actually paid.

62.     These information returns were not submitted and therefore fails to show taxable income received by Plaintiff.

63.     As a result, Plaintiff suffered increased tax liability and has been required to incur additional expenses in seeking to remedy these issues with counsel and a CPA.

64.     Defendants' violations of 26 U.S.C. § 7434 entitle Plaintiff to recover damages of the greater of: $5,000 per person or the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing), plus reasonable attorneys' fees and costs.

11

**WHEREFORE**, Plaintiff requests that this honorable Court enter judgment in his favor and against Defendant in the amount of his losses and other damages resulting from Defendant's unlawful conduct, including, but not limited to, lost monies and other compensation to which he is entitled, and for the amounts Defendant has been unjustly enriched, together with an award of costs and attorney fees incurred in this matter, and any other relief, equitable or otherwise, to which Plaintiff is entitled to under the law or additional relief as this Court may deem appropriate.

<u>**COUNT IV**</u>
<u>**RETALIATION IN VIOLATION OF ELCRA**</u>[2]

65.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

66.     Plaintiff engaged in conduct protected under the ELCRA, <u>i.e.,</u> complaining of the discriminatory and retaliatory conduct of Defendant's agents, servants, and/or employees.

67.     Defendant had knowledge of Plaintiff's protected activity.

68.     Defendant subsequently took adverse, retaliatory action against Plaintiff, including, but not limited to, subjecting Plaintiff to further retaliatory

---

[2] Plaintiff has filed an EEOC charge of retaliation. As soon as the 180 days required to allow for the investigation of the charge passes, Plaintiff plans to seek to Amend this Complaint to include the federal retaliation charge that flows from the EEOC filing.

harassment by Defendants, failing to remediate harassment and/or discrimination, and/or other acts as set forth herein.

69.     Plaintiff's protected conduct was a significant factor in Defendant's decision to retaliate against him.

70.     The retaliation would not have occurred had Plaintiff not engaged in activity protected by the ELCRA.

71.     Defendant's actions were retaliatory and in violation of the ELCRA.

72.     As a direct and proximate result of Defendant's violation of ELCRA as aforestated, Plaintiff has suffered bodily harm, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

73.     As a further direct and proximate result of Defendant's violation of ELCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits; he has been required to employ the services of a CPA to fix the actions and/or inactions of Defendants and of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

      a.    declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ELCRA;

b.    award Plaintiff all lost wages, past and future, to which his is entitled;

c.    award Plaintiff compensatory damages;

e.    award Plaintiff reasonable attorney fees, costs and interest; and

f.    award such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff requests that this Court enter Judgment in favor of Plaintiff and against Defendant in whatever amount this Court deems reasonable, together with costs, interest, and attorneys' fees.

Respectfully submitted,

BOGAS & KONCIUS P.C.

By:    /s/Brian E. Koncius
       BRIAN E. KONCIUS (P69278)
       Attorneys for Plaintiff
       31700 Telegraph Road, Suite 160
       Bingham Farms, MI  48025
Dated:  June 20, 2024          (248) 502-5000